# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE, | CASE NO. 1:05-CV-1563-OWW DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| CHAVEZ, et.al., | |
| Defendant. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 8, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

1

U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The events at issue in the instant action allegedly occurred at Wasco State Prison.  Plaintiff names Correctional Officers Chavez, Fontes, Matthews; Sergeant Simpson and Lieutenant Guttierrez as defendants.  Plaintiff alleges that on September 5, 2005, a gang related riot occurred due to "the negligence of Officers Fontes and Matthews because Fontes didn't lock the bar box when the lower tier went to dinner."  Plaintiff contends that a riot occurred and after the inmates were contained and handcuffed, he told the Officers that the blacks were involved in the riot.  Plaintiff alleges that he was told to be quiet and then a mask was put over his head and he was slammed into a cement wall.  Plaintiff seeks damages against the named defendants for the use of excessive force.

Plaintiff's allegations are insufficient to state a cognizable claim against the named defendants for use of excessive force in violation fo the Eighth Amendment.  First, plaintiff has failed to link the named defendants to the alleged use of force.  While plaintiff alleges that defendants Fontes and Matthews failed to lock the bar box which caused the riot, he does not allege that these defendants used excessive force against him.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

1  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim
2  for relief under section 1983, plaintiff must link each named defendant with some affirmative act or
3  omission that demonstrates a violation of plaintiff's federal rights.

4      In addition, the use of excessive force by a prison official violates the eighth amendment.
5  Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995  (1992).  Determining whether there has been an
6  eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain
7  or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id.
8  at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

9      To prevail on an excessive force claim, an inmate must show the official applied force
10 "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to
11 maintain or restore discipline." Id.  at 4-5, 7, 112 S.Ct.  at 999.  Such factors as the need for the
12 application of the force, the relationship between the need for the application of force and the amount
13 of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v.
14 Albers, 475 U.S. 312, 319, 106 S.Ct. 1078  (1986).   An inmate, however, does not need to have
15 suffered an injury to establish an Eighth Amendment violation.  Hudson, 503 U.S. at 7.

16     From plaintiff's allegations, it is unclear whether plaintiff contends the officer applied force
17 "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to
18 maintain or restore discipline."

19     Further, to the extent plaintiff alleges that defendants Matthews' and Fontes' actions in failing
20 to lock the bar box led to his injuries, plaintiff is advised that to constitute cruel and unusual
21 punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and
22 unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although
23 prison conditions may be restrictive and harsh, prison officials must provide prisoners with food,
24 clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d
25 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials
26 have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at
27 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this
28 duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk

of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff characterizes defendants Matthews and Fontes conduct in failing to lock the bar box as "negligent."  Negligent conduct does not give rise to a cognizable claim under the Eighth Amendment.

Thus, as submitted, plaintiff's complaint fails to state a claim upon which relief can be granted.  The court will provide plaintiff the opportunity to cure the deficiencies identified in this order.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    September 12, 2006**                     **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE