# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE, | CASE NO. 1:05-CV-1563-OWW DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIM IN PART AND DISMISSAL OF ACTION IN PART FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CHAVEZ, et.al., | |
| Defendant. | (Doc. 10) |

I. Screening Order

A. Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 8, 2005. The court dismissed plaintiff's compliant with leave to amend on September 13, 2006. Plaintiff filed an amended complaint on October 5, 2006.

B. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Plaintiff's Complaint

The events at issue in the amended complaint allegedly occurred at Wasco State Prison. Plaintiff names Correctional Officers Chavez, Fontes, Matthews; Sergeant Simpson, Lieutenant Guttierrez and several unknown officers as defendants. Plaintiff alleges that on September 5, 2005, a gang related riot occurred after Officer Fontes "neglected to lock the bar box" and Officer Matthews "unlocked or opened the upper doors." After the riot was contained by the correctional staff and "every inmate had been handcuffed and placed face down on the floor," Plaintiff told Sergeant Simpson that he could not breathe and that the handcuffs were causing muscle spasms in his hands. He also informed Sergeant Simpson that African Americans were not involved in the riot. Plaintiff alleges Sergeant Simpson motioned to someone outside of Plaintiff's view and a mask was placed over his head and he was told to "shut up." Plaintiff also alleges Officer Chavez with the assistance of several unknown officers, slammed him to the floor while he was handcuffed resulting in a head injury. Plaintiff also suffered scrapes and bruises after Officer Chavez dragged him by the handcuffs to a patio outside the building. Plaintiff alleges that Sergeant Simpson and Lieutenant Guttierrez are liable because they gave the correctional officers directions and instructions during the course of the riot. Plaintiff seeks damages against the named defendants for the use of excessive force.

///

D. <u>Defendant Chavez</u>

Under federal notice pleading standards, plaintiff's allegations are sufficient to state a claim against defendant Chavez for use of excessive force in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. Id. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. Id. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. Id. at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(<u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Johnson</u>, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition <u>de</u> <u>minimus</u> uses of physical force. Id. at 9-10.

Because Plaintiff alleges that Officer Chavez placed a mask over Plaintiff's head and pushed and dragged him across the floor while handcuffed, Officer Chavez may have applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to

maintain or restore discipline." Accordingly, Plaintiff has stated a claim against defendant Chavez.

E.   Defendants Simpson and Guttierrez

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. Plaintiff named Sergeant Simpson and Lieutenant Guttierrez as defendants because they were supervising correctional officers' responses to the riot. Plaintiff also alleges that Sergeant Simpson motioned to other officers after Plaintiff complained that he could not breathe, resulting in the mask being placed over Plaintiff's head. When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff's amended complaint alleges that Sergeant Simpson directed officers to place the mask over plaintiff's head. Accordingly, the amended compliant states a claim against Defendant Simpson. However, plaintiff's amended compliant is devoid of allegations upon which a supervisory liability claim may be based against Lieutenant Guttierrez. Accordingly, plaintiff's claim against defendant Guttierrez will be dismissed.

F.   Defendants Matthews and Fontes

Plaintiff was advised in the court's last order that defendants Matthews' and Fontes' alleged negligent actions in failing to lock the bar box or by opening the door which led to his injuries without more is insufficient to constitute cruel and unusual punishment in violation of the Eighth Amendment. Prison officials have a duty to take reasonable steps to protect inmates from physical

1 abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837. Negligent conduct does not give rise to a cognizable claim under the Eighth Amendment. Plaintiff failed to amend his complaint to state a claim under this standard. Accordingly, his claim will be dismissed against these defendants.

       G. Unnamed Defendants

Plaintiff also names several unknown officers as defendants, however plaintiff has not specifically identified them or alleged any facts that give rise to a claim for relief under section 1983. The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunitites secured by the Constituition... shall be liable to the party injured in an action at law, suire in equity, or other proper proceedings for redress. 42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff was advised in the court's last order that to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. He has failed to specifically name the other officers involved, nor has he indicated an affirmative act any of them took which violated plaintiff's rights. The claims against the unnamed defendants will be dismissed.

H. <u>Conclusion</u>

The court finds that plaintiff's amended complaint states a claim for excessive force against defendant Officer Chavez and Sergeant Simpson in violation of Plaintiff's Eighth Amendment rights. However, Plaintiff has failed to state a claim against any of the other named defendants. Accordingly, it is HEREBY RECOMMENDED that this action be granted in part and dismissed in part as follows:

1. Plaintiff states a cognizable claim against defendants Chavez and Simpson for relief under 42 U.S.C. § 1863 for excessive use of force in violation of the Eighth Amendment.[1]

2. Plaintiff's Eighth amendment claim for excessive force be dismissed against defendants Fontes, Matthews, Guttierrez and several unknown defendants with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2007**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] An order Finding Service of Compliant Appropriate and Forwarding Documents to Plaintiff will be issued.