# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAVEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-01563-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 31) |

I.    Procedural History

Plaintiff Jimmy Magee ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint, filed June 1, 2007, against defendants Chavez and Simpson ("defendants") for use of excessive force, in violation of the Eighth Amendment.  On December 28, 2007, defendant filed a motion to dismiss for failure to exhaust. (Doc. 31.)   Plaintiff filed his opposition on January 22, 2008 (Doc. 34).  Defendants filed their reply on January 30, 2008 (Doc. 37), and plaintiff filed a further response on February 15, 2008 (Doc. 39).

II.    Defendant's Motion to Dismiss for Failure to Exhaust

    A.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

B.   Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6©. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The Eighth Amendment claim at issue in this action accrued on September 5, 2005, when

1  defendants allegedly used excessive force against plaintiff during a prison riot. Defendants do not
2  dispute that plaintiff filed his administrative appeals through the Director's level. However,
3  defendants argue that plaintiff's initiation of this lawsuit prior to completing the inmate appeals
4  process bars this action.

5  In support of their motion, defendants refer to exhibits filed with plaintiff's second amended
6  complaint that they contend demonstrate plaintiff's noncompliance with the exhaustion requirement.
7  Plaintiff filed suit on December 8, 2005. Defendants state that plaintiff's appeal, log number WSP-
8  O-05-00959, was submitted on November 29, 2005 (Doc. 14, p.27, §G). Defendants state that the
9  informal and first-level appeal were bypassed because plaintiff's grievance was a staff complaint.
10 Defendants state that plaintiff's appeal was assigned to a reviewer for handling at the second level
11 of appeal on November 29, 2005, and that this review was completed in a timely manner, on January
12 3, 2006. (Doc. 31, p.9, Escalante Dec., ¶5-6). Defendants submit that the Inmate Appeals Branch
13 (IAB) only received the Director's level appeal from plaintiff on February 16, 2006, two months after
14 plaintiff filed his original complaint, and that the IAB letter denying plaintiff's appeal was completed
15 on May 12, 2006.(Doc. 14, pp.27-9; Doc. 31, p.9, Escalante Dec., ¶7). Defendants therefore contend
16 that exhaustion did not occur until May 12, 2006, well after plaintiff filed suit.

17 The court has reviewed plaintiff's opposition to defendants' motion.(Doc. 34). Although the
18 court has some difficulty following plaintiff's argument, it is this court's understanding that plaintiff
19 asserts generally that a litigant need only exhaust the administrative remedies that are available to
20 him in order to satisfy the exhaustion requirement set out in the Prison Litigation Reform Act of
21 1995.[1] 42 U.S.C. § 1997e(a).

22 This court has also reviewed plaintiff's response to defendants' reply. (Doc. 39). In his
23 response, plaintiff argues that he properly exhausted his administrative remedies. Plaintiff states that
24 he filed his grievance (CDC Form 602) on September 25, 2005. Plaintiff argues that defendants

---

[1] In their reply, defendants construe plaintiffs opposition to be that by filing his second amended complaint after exhausting his administrative remedies, he has properly exhausted. To the extent that this is plaintiff's position, plaintiff's argument is incorrect. "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk . . . ." Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)).

3

failed to respond in a timely manner, and in so doing, stalled the grievance/complaint procedure (Doc. 39, p.2).

Pursuant to section 3084.6(b)(3) of the California Code of Regulations, "[s]econd level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3)". Cal. Codes Regs. tit 15, §3084.6(b)(3). Further, "[t]ime limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant". Cal. Codes Regs. tit 15, §3084.6(a).

Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the

exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).

In this instance, plaintiff stated that he submitted a CDC 602 grievance form concerning his excessive force complaint against defendants Chavez and Simpson on September 25, 2005. The second-level appeal response signed by the Chief Deputy Warden acknowledges receipt of plaintiff's grievance on that date (Doc. 14, p.32). As explained above, time limits for reviewing appeals commence upon the date of receipt of the appeal document. Cal. Codes Regs. tit 15, §3084.6(a). Therefore, prison officials were required to respond to plaintiff's complaint within 30 working days of September 25, 2005.

Plaintiff did not file suit until December 8, 2005, after the deadline for completion of the second-level response. Neither party presented any evidence that plaintiff had any notice that the response would be late or when to expect the response. In the absence of such notice and given the presence of solid authority supporting the proposition, the court rejects defendants' argument that they are entitled to dismissal because the second-level and Director's responses were issued after plaintiff filed suit, and the court finds that exhaustion occurred when prison officials failed to respond to plaintiff's inmate appeal within the thirty-day time frame set for in the California Code of Regulations. Accordingly, the court recommends that defendants' unenumerated Rule 12(b) motion be denied.

III.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed December 28, 2007, be DENIED on the grounds that exhaustion occurred when prison officials failed to timely respond to plaintiff's inmate appeal.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations". The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 30, 2008**          **/s/ Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE