# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHAVEZ, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01563-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A COURT ORDER MANDATING PLAINTIFF BE PROVIDED WITH LAW LIBRARY ACCESS<br><br>(Doc. 48) |

Plaintiff Jimmy Magee ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2008, plaintiff filed a motion seeking a court order requiring the law librarian to provide him with law library access. (Doc. 48).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

1 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
2 Id.

3 Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
4 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
5 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
6 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
7 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
8 no power to hear the matter in question. Id. This action is proceeding against defendants Chavez
9 and Simpson for use of excessive force, in violation of the Eighth Amendment. Because an order
10 mandating law library access would not remedy the claim upon which this action proceeds, the court
11 lacks jurisdiction to issue the order sought by plaintiff.

12 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a
13 court order requiring the law librarian provide him with law library access, filed June 19, 2008, be
14 DENIED.

15 These Findings and Recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
17 **days** after being served with these Findings and Recommendations, plaintiff may file written
18 objections with the court. The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
21 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 24, 2008**                    /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

2