1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7   JIMMY MAGEE,                                          CASE NO. 1:05-cv-01563-OWW-DLB PC

8                              Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                          RECOMMENDING THAT DEFENDANTS'
9          v.                                             MOTION TO DISMISS FOR FAILURE TO
                                                          EXHAUST BE GRANTED
10  CHAVEZ, et al.,
                                                          (Doc. 31)
11                             Defendants.
                                                          ORDER DISREGARDING COURT
12                                                        DOCUMENT #62

13  _____ /                  (Doc. 62)

14

15                              **Findings and Recommendations.**

16  **I.      Procedural History**

17          Plaintiff Jimmy Magee ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19  plaintiff's second amended complaint, filed June 1, 2007, against defendants Chavez and Simpson

20  ("defendants") for use of excessive force, in violation of the Eighth Amendment.  On December 28,

21  2007, defendant filed a motion to dismiss for failure to exhaust. (Doc. 31.)  Plaintiff filed his

22  opposition on January 22, 2008 (Doc. 34).  Defendants filed their reply on January 30, 2008 (Doc.

23  37), and plaintiff filed a sur-reply on February 15, 2008 (Doc. 39).

24          On May 30, 2008, this court issued a Finding and Recommendation that defendants' motion

25  be denied.  (Doc. 45).  Defendants filed their objections on June 20, 2008, stating that the court had

26  considered plaintiff's sur-opposition, without providing them with an opportunity to respond to the

27  arguments raised therein.

28          Good cause appearing, the court vacated its Findings and Recommendations, and granted

1

1   defendants leave to respond to plaintiff's sur-opposition.  (Doc. 55).  The parties were further

2   advised that as both sides had now been provided ample opportunity to present their arguments, no

3   further responses or sur-replies, submitted by any party, would be considered in the motion to

4   dismiss for failure to exhaust.

5        Defendants filed their response to plaintiff's sur-opposition on August 13, 2008. (Doc. 61).

6   Notwithstanding the court's order, plaintiff has now filed a further response to defendants' sur-reply.

7   (Doc. 62).  Plaintiff has already filed an opposition and a sur-opposition, and has been afforded

8   ample opportunity to raise any arguments in opposition.  Plaintiff is not entitled to continually

9   supplement his opposition.[1]  A further response to raise additional arguments in not provided for in

10  the Federal Rules and is contrary to the court's order filed July 24, 2008. Accordingly, plaintiff's

11  response, filed August 21, 2008 is HEREBY DISREGARDED.

12  **II.     Exhaustion Requirement**

13       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

14  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

15  confined in any jail, prison, or other correctional facility until such administrative remedies as are

16  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

17  administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

18  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

19  sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

20  731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,

21  Porter v. Nussle, 435 U.S. 516, 532 (2002).

22       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

23  defense under which defendants have the burden of raising and proving the absence of exhaustion.

24  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to

25  exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

26  Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza

27

28  _____

[1] Out of an abundance of caution, the Court has reviewed plaintiff's further response, and finds that the arguments raised therein would not change the outcome of the Court's instant findings and recommendations.

1 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

2 In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

3 beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

4 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

5 dismissal without prejudice.  Id.

6 **III.    Defendants' Motion**

7       The California Department of Corrections has an administrative grievance system for

8 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting

9 a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal

10 level, first formal level, second formal level, and third formal level, also known as the "Director's

11 Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being

12 appealed, and the process is initiated by submission of the appeal to the informal level, or in some

13 circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section

14 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

15 filing suit.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

16       The Eighth Amendment claim at issue in this action accrued on September 5, 2005, when

17 defendants allegedly used excessive force against plaintiff during a prison riot.  Defendants do not

18 dispute that plaintiff filed his administrative appeals through the Director's level.  However,

19 defendants argue that plaintiff's initiation of this lawsuit prior to completing the inmate appeals

20 process bars this action.

21       In support of their motion, defendants refer to exhibits filed with plaintiff's second amended

22 complaint that they contend demonstrate plaintiff's noncompliance with the exhaustion requirement.

23 Plaintiff filed suit on December 8, 2005.  Defendants state that plaintiff's appeal, log number WSP-

24 O-05-00959, was submitted on November 29, 2005 (Doc. 14, p.27, §G).  Defendants state that the

25 informal and first-level appeal were bypassed because plaintiff's grievance was a staff complaint.

26 Defendants state that plaintiff's appeal was assigned to a reviewer for handling at the second level

27 of appeal on November 29, 2005, and that this review was completed in a timely manner, on January

28 3, 2006. (Doc. 31, p.9, Escalante Dec., ¶5-6).  Defendants submit that the Inmate Appeals Branch

1   (IAB) only received the Director's level appeal from plaintiff on February 16, 2006, two months after

2   plaintiff filed his original complaint, and that the IAB letter denying plaintiff's appeal was completed

3   on May 12, 2006.(Doc. 14, pp.27-9; Doc. 31, p.9, Escalante Dec., ¶7).  Defendants therefore contend

4   that exhaustion did not occur until May 12, 2006, well after plaintiff filed suit.

5        The court has reviewed plaintiff's opposition to defendants' motion.(Doc. 34).  Although the

6   court has some difficulty following plaintiff's argument, it is this court's understanding that plaintiff

7   asserts generally that a litigant need only exhaust the administrative remedies that are available to

8   him in order to satisfy the exhaustion requirement set out in the Prison Litigation Reform Act of

9   1995.[2] 42 U.S.C. § 1997e(a).

10       This court has also reviewed plaintiff's sur-opposition. (Doc. 39).  Plaintiff argues that he

11  properly exhausted his administrative remedies.  Plaintiff states that he filed his grievance (CDC

12  Form 602) on September 25, 2005 which was received by the Wasco Appeals Office on September

13  29, 2005.  Plaintiff argues that defendants failed to respond in a timely manner, and in so doing,

14  stalled the grievance/complaint procedure (Doc. 39, p.2).  As previously explained, because plaintiff

15  did not raise this argument in his opposition, the Court granted defendants leave to respond.

16       The court has reviewed defendants' response. (Doc. 61).  Included with defendants' response

17  is the declaration of S. Cervantes, Appeals Coordinator at CSP-Solano, and the declaration of R.

18  Escalante, Appeals Coordinator at WSP.  It is undisputed that the alleged incident giving rise to this

19  action occurred on September 5, 2005 at Wasco State Prison.  On September 23, 2005 plaintiff was

20  transferred to California State Prison - Solano.  (Doc. 61, Escalante Decl., ¶3).  Defendants contend

21  that the inmate appeal's office at CSP- Solano received an appeal from plaintiff on September 29,

22  2005, which was rejected as untimely. (Doc. 61, Cervantes Decl., ¶3).  Cal. Code Regs., tit. 15 §

23  3084.6(c).  Plaintiff then submitted a second appeal concerning the same incident on October 13,

24  2005, which was again rejected for being untimely.  (Doc. 61, Cervantes Decl., ¶4-6).

25

26       [2]In their reply, defendants construe plaintiffs opposition to be that by filing his second amended complaint
27  after exhausting his administrative remedies, he has properly exhausted.  To the extent that this is plaintiff's position,
    plaintiff's argument is incorrect. "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is
28  tendered to the district clerk . . . ."  Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v.
    Johnson, 362 F.3d 395, 400 (7th Cir. 2004)).

1    On October 27, 2005, the Inmate Appeal's Office at Wasco State Prison received plaintiff's

2  appeal. (Doc. 61, Escalante Decl., ¶4).   Plaintiff's appeal was rejected because it did not contain

3  complete details concerning the incident, and a letter was sent to plaintiff asking him to provide

4  additional details. (Id., at ¶4-5). Defendants state that plaintiff subsequently resubmitted his appeal

5  with the additional information, and his appeal was finally accepted for review on November 29,

6  2005 (Id., at ¶6). Defendants contend that they therefore had thirty days to respond to plaintiff's

7  grievance.  Because plaintiff filed this action on December 8, 2005, defendants argue that plaintiff

8  failed to properly exhaust his administrative remedies prior to filing suit.

9    Cal. Code Regs., tit. 15 § 3084.6(b)(3) (2007) provides that a second level response shall be

10  completed within 20 working days, or 30 working days if first level is waived pursuant to section

11  3084.5(a)(3).  The court finds that the defendants have met their burden by showing that plaintiff

12  failed to exhaust his administrative remedies prior to filing suit, and are therefore entitled to

13  dismissal of this action, without prejudice. Jones, 127 S.Ct. at 918-19; McKinney, 311 F.3d at 1199-

14  1201.

15  **IV.    Conclusion**

16    Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss,

17  filed, December 28, 2007, be GRANTED and this action be dismissed, without prejudice.

18    These Findings and Recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

20  **days** after being served with these Findings and Recommendations, the parties may file written

21  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  The parties are advised that failure to file objections within the

23  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

24  1153 (9th Cir. 1991).

25    IT IS SO ORDERED.

26  **Dated:    September 3, 2008**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

27

28